FARMERS IRRIGATION DISTRICT ET AL. *v.* STATE OF NEBRASKA ON THE RELATION OF O'SHEA.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 215. Submitted April 25, 1917.—Decided June 4, 1917.

Under § 3438 of the Revised Statutes of Nebraska, 1913, as construed by the Supreme Court of the State, the owner of an irrigation canal may be compelled to bridge it to afford access between the lands of another which are intersected by it, although the canal was built across the lands by one who owned them at the time and who sold the separated parcels by successive conveyances to their present owner, after the canal had been long in operation and after it had been disposed of to another interest.

In virtue of the right to affix conditions to grants of corporate power, the State of Nebraska, in granting appellant Irrigation District the privilege of obtaining lands for canals, etc., by condemnation, was justified in imposing, by the same law, the duty to build bridges without further compensation in the circumstances indicated in the preceding paragraph, and appellant, having accepted the privilege *cum onere*, can not complain that its property is taken in violation of the due process clause of the Fourteenth Amendment when the requirement is enforced, even though the right of way for the particular canal in question was acquired without resort to condemnation.

A state law laying a duty upon all owners of irrigation canals to construct bridges over them for the benefit of abutting lands does not violate the equal protection clause of the Fourteenth Amendment in not embracing canals devoted to other uses.

98 Nebraska, 239, affirmed.

THE case is stated in the opinion.

*Mr. F. A. Wright* for plaintiffs in error.

*Mr. Thomas M. Morrow* and *Mr. William Morrow* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Peter O'Shea filed his petition in the District Court of Scotts Bluff County, Nebraska, alleging, among other things, that the Farmers Irrigation District is a corporation organized and existing under and by virtue of an act to provide for the organization and government of irrigation districts, and to provide for acquiring the right of way to build irrigation ditches or canals, and other property, for the dividing of certain portions of the territory of the State of Nebraska into irrigation districts, and for the purpose of buying irrigating canals already constructed, or partially constructed, and paying for the same; that the Farmers Irrigation District is the owner of an irrigation canal in Scotts Bluff County, Nebraska, which canal intersects certain described real estate owned by the relator; that that portion of this real estate lying north of the right of way of the canal does not abut upon any public highway, nor has the relator any private way from this real estate lying north of the canal to any highway; that the only convenient way by which the real estate on the north side of the canal can be used with that on the south side is to construct a bridge across the canal; that that portion of the land lying south of the canal abuts upon a public highway, but that portion lying north of the right of way of the canal is completely cut off from any public highway, because of the fact that the canal forms an impassable barrier unless a bridge is constructed over the same; that the portion of said real estate north of said

canal is a quarter of a mile from the east side of the same to a public highway, and is also a distance of a quarter of a mile from the west side of said real estate to a public highway, and is also a distance of one-half mile from the north side of the same to a public highway, without any private way leading to any highway, and the lands between the east, west and north side of said real estate, and the public highways, are held in private ownership; that it is necessary for the free and convenient use of the lands on both sides of the canal by the owner thereof that the owner of the canal erect a suitable and convenient bridge across the canal; that demand has been made upon the respondents to erect a bridge across the canal at a point to be indicated by the relator on these premises, and that respondents have refused to erect such bridge; that the owner of the premises has no way of ingress and egress from that portion of the premises lying north of the right of way of the canal except through the private property of others. Wherefore, relator prayed that an alternative writ of mandamus issue to the respondents, commanding them forthwith to erect a suitable and convenient wagon bridge over the canal at a point to be designated by the relator, or to show cause why a peremptory writ of mandamus should not issue.

The alternative writ of mandamus was issued as prayed for, and the respondents thereupon appeared and answered, alleging that in and prior to the year 1906 the land on both sides of the canal was owned by the Tri-State Land Company; that said Tri-State Land Company while the owner of said land caused an irrigation ditch or canal to be constructed over and across the same, which irrigation ditch is the same now owned by the Farmers Irrigation District, the Tri-State Land Company originally being the owner of both the land and the irrigation ditch; that thereafter the Tri-State Land Company sold and conveyed the canal together with the right of way to the

Farmers Mutual Canal Company, and the latter company thereafter sold and conveyed the canal and the right of way to the respondent, the Farmers Irrigation District, which now holds the same; that the Tri-State Land Company treated the parcel of land lying north of the canal and the parcel lying south of the canal as two separate tracts and parcels of lands; that the Tri-State Land Company conveyed these tracts at different times and as separate parcels to the relator, Peter O'Shea, and that O'Shea purchased the lands after the construction of the irrigation canal and at different times as two separate and distinct tracts of land divided from each other by the right of way and canal of the Farmers Mutual Canal Company; and that therefore the rights of the relator, O'Shea, are derived from and through the Tri-State Land Company and that he has no greater or other right in the premises than the Tri-State Land Company would have.

The respondents for a further defense alleged that § 3438 of the Revised Statutes of the State of Nebraska for the year 1913, which attempts to confer the right on land owners under certain circumstances to compel the owners of irrigation canals to build bridges thereover is unconstitutional, null and void; that said section deprives the respondent, Farmers Irrigation District, of its property without due process of law and deprives it of equal protection of the laws, and is class legislation in that it purports to require the building of certain bridges only by the owners of irrigation canals and does not apply to other canals of similar nature carrying water, such as drainage canals and mill races.

The case coming to trial, it was ordered by the court that a peremptory writ of mandamus be denied and that the action be dismissed. Appeal was taken to the Supreme Court of Nebraska, which court reversed the judgment and granted a peremptory writ of mandamus, 98 Nebraska, 239, and a writ of error brings the case to this court.

This action was brought under the terms of § 3438, Revised Statutes of Nebraska, 1913, which reads:

"Any person, company, corporation, or association constructing a ditch or canal through the lands of any person, company, or corporation having no interest in said ditch or canal shall build such ditch or canal in a substantial manner so as to prevent damage to such land; in all cases where necessary for the free and convenient use of lands on both sides of the ditch or canal by the owner or owners of such lands, the owner or those in control of such ditch shall erect substantial and convenient bridges across such canal or ditch, and they shall erect and keep in order suitable gates at the point of entrance and exit of such ditch through any enclosed field."

It appears from a stipulation between the parties to this case that during the year 1906 the Tri-State Land Company was the owner of the lands here involved, and that during that year it constructed this canal over the lands; that afterwards, in 1909, the canal and right of way were conveyed to the Farmers Mutual Canal Company, which company on the seventeenth day of December, 1912, conveyed the same to the Farmers Irrigation District; that on April 25, 1910, the Tri-State Land Company conveyed to O'Shea the parcel of land lying north of the canal, and on July 14, 1911, the parcel of land lying south of the canal, and that these are the only conveyances under which O'Shea claims title; that at the times of these conveyances the canal was fully completed, and had been in operation a number of years, the canal being built forty-six feet wide on the bottom with a carrying capacity of at least seven feet in depth, and constructed by excavating to a depth of about three feet in the ground, and with banks above the natural surface of the ground to a height of about eight feet, with a slope of one and one-half to one.

The District Court of Scotts Bluff County, Nebraska, held that the portion of the land occupied by the right of

way of the irrigation canal was never owned by Peter O'Shea, and for that reason denied his right to a writ of mandamus. The Supreme Court of Nebraska held that while the canal was built over the land by the then owner of the land, nevertheless under the statute it was the duty of the present owner of the canal to build the bridge required by the act.

The Supreme Court of the State construed § 3438, Revised Statutes of Nebraska, 1913, as applicable to the situation here presented, inasmuch as it applies to "all cases," and held that the fact that the Tri-State Land Company, when the canal was constructed, owned the land upon which it was built and on both sides of the canal did not relieve the Farmers Irrigation District, successor in title to the Tri-State Land Company in the ownership of the canal, from the statutory obligation to build the bridge at the instance of one who subsequently purchased the adjacent lands. There is much discussion of the meaning of the statute in the opinion of the court with which we have nothing to do upon this writ of error. The construction of the state statute by the highest court of the State is conclusive in this court.

The questions here to be decided arise under the Fourteenth Amendment to the Federal Constitution, it being contended by the plaintiffs in error that the property of the Farmers Irrigation District was taken for private use without compensation, and that the statute as construed by the state court has the effect to deprive it of the equal protection of the laws.

The Farmers Irrigation District is incorporated under a statute (Laws of Nebraska, 1895, pp. 269, 277), which gives it the right to enter upon any land in the district and to locate the line for any canals and necessary branches thereof, and to acquire, either by purchase or condemnation, all lands and waters and other property necessary for the construction, use, maintenance, repair and im-

provement of the canals and works, lands for reservoirs
for the storage of water. It is also given the statutory
authority to acquire by purchase any irrigation ditches,
canals or reservoirs already constructed. The Supreme
Court of Nebraska, construing this statute as imposing
the obligation to build bridges for the benefit of adjacent
land owners, and reading the same in connection with the
authority conferred upon the corporation to exercise the
right of eminent domain, held that the company must take
the burdens of the legislation with its benefits, and that
having by its incorporation accepted the rights conferred
under the statute of its creation it must exercise them
within the limitations and upon the conditions therein
named. In other words, it was held that the State had
said to the corporation of its own creation: "You may
have the right to appropriate property to the public use
which you are authorized to serve, but when the canals
constructed for that purpose divide land so that it is nec-
essary to connect the several portions thereof by bridges,
you shall construct them at your own expense." It is
familiar law that a State may impose conditions, within
constitutional limitations, upon the exercise of corporate
authority conferred by it. The State was not obliged to
confer upon this corporation the sovereign authority to
take property by the right of eminent domain. When
it did so, we do not think it took the property of the cor-
poration without compensation when it also obliged the
latter to comply with the conditions of this grant of power,
one of which was that it should construct bridges under
the circumstances now presented.

Nor do we think it makes any difference that the cor-
poration was not obliged to exercise the power of eminent
domain to obtain this particular right of way. This right
existed, was conferred by the State, and might be used to
construct other portions of the canal for the purposes in-
tended. In this construction and application of the legis-

lation of the State we are unable to find the taking of property without compensation, as is contended by the plaintiffs in error.

As to the denial of the equal protection of the laws, this court has frequently held that there is nothing in this provision of the Fourteenth Amendment to prevent the States from reasonable classification of subjects for legislative action. This statute applies equally to all owners of irrigation canals. The fact that it does not embrace canals constructed for other uses and purposes does not make it obnoxious to the equal protection clause of the Fourteenth Amendment.

It follows that the judgment of the Supreme Court of Nebraska must be

*Affirmed.*